Dear Mayor Roach:
On behalf of the City of Lake Charles, you have requested the opinion of this office on the authority of the City to execute change orders to pre-existing public works contracts to remedy or settle potential legal disputes between the City and the contractors due to conditions brought about or caused by Hurricanes Katrina and Rita. The proposed change orders would include a negotiated increase in material prices incurred by the contractor in the aftermath of the Hurricanes.
According to your request, the City entered into numerous public work contracts prior to Hurricanes Katrina and Rita many of which were still being performed on August 29, 2005, the date that Hurricane Katrina struck the southeastern portion of Louisiana and on September 24, 2005, the date that Hurricane Rita struck the southwestern portion of Louisiana.
In response to Hurricane Rita the State of Louisiana and City of Lake Charles declared a state of emergency. In addition, the City of Lake Charles ordered a mandatory parish wide evacuation of residents, initiated a curfew and ordered all work being performed on ongoing public work projects to cease until further notice. The City rescinded the mandatory evacuation order October 6, 2005, but due to downed power lines and poles, FEMA debris cleanup work and lack of necessary infrastructure the project work sites remained inaccessible and the City continued its work stoppage order on the projects until mid November 2005. The City continued to operate under a state and local state of emergency through 2005 and well into 2006.
The City is concerned that its actions in declaring a mandatory evacuation and shutting down the construction project sites could provide grounds for contractors to terminate the contracts and file damage claims. The City is also concerned that cancellation or termination of the contracts will cause the City to issue new bids to complete the *Page 2 
projects and which may result in not only a significant delay in project completion but also result in substantially higher construction costs.
The City would rather have the current contractors continue the performance of the pre-existing contracts and execute change orders to reimburse the contractors the actual costs associated with the delay caused by the actions of the City in response to Hurricane Rita. The opinion request does not indicate that any of the existing public work contracts contain specific provisions that would allow for such cost adjustments under the circumstances described in the request. Whether described as a change order or as an amendment to the public works contract, the issue presented is whether or not a public entity may legally pay a contractor material cost increases during the performance of a public works contract and which are due to weather related conditions.
The payment or reimbursement of such costs, absent a legal obligation to do so, would constitute a donation of public funds prohibited by Article VII, Sec. 14 of the Louisiana Constitution. See AG Op. No. 05-0445 wherein our office opined that, absent an escalation clause contained in the contract, the public entity may not amend a public works contract to pay a contractor material cost increases that were incurred by the contractor during the performance of the contract and which were claimed to be the result of market conditions caused by Hurricanes Katrina and Rita. It is important to note that in this case the public project was not subject to a mandatory evacuation or work stoppage order.
La. R.S. 38:2212A(4) of the Public Bid Law provides that all public work contracts shall contain provisions authorizing the issuance of change orders within the scope of the contract. A change order is defined as "as alteration, deviation, addition, or omission as to a pre-existing contract" and a change order within the scope of the contract is defined as one "which does not alter the nature of the thing to be constructed and which is an integral part of the project objective." La. R.S.38:2211(A)(2) and (4).
When a change order is determined to be within the scope of the contract it may be negotiated or let out for bid. If negotiated, the public entity must fully document the change order and itemize the costs, including material quantities, taxes, insurance, employee benefits, profit and overhead. If unit prices are contained in the original contract, no deviations from those prices set forth in the original contract are allowed in computing the negotiated change order. La. R.S. 38:2212A(7).
Extreme weather conditions, like that of a hurricane, that causes a contractor delay in performance, do not, in and of itself, constitute a legal basis for the payment of increased costs of labor or material. InLenry Inc. and William P. Bergan, Inc. v. The United States,[1] the plaintiff (contractor) entered into a federal contract with defendant, *Page 3 
the United States, to reconstruct a retaining wall. The contractor sued the government to recover unforeseen additional expenses and costs it incurred when a hurricane damaged the access roads the contractor intended to use during the project. The contractor alleged that the "site investigation" and "changed conditions" provisions of the contract, when read together, created an implied warranty that the access roads would remain usable during the course of the project. Analyzing the terms of the contract, the court held that a combination of the two provisions at issue could not reasonably be interpreted to create such a warranty and that delays which are the result of an act of God or nature, such as a hurricane, impose on neither party the responsibility for losses suffered. As such the contractor was not entitled to recover for its increased construction costs. However, the contractor was entitled to an extension of time for performance.
In Ronald Adams Contractor, Inc. v. City of New Orleans, the court denied delay or disruption damages to the contractor who had to work in unanticipated adverse winter weather conditions.[2] The court reasoned that the abnormal weather was not foreseen by any of the parties and therefore neither party should be held liable for damages or losses caused by extreme weather conditions. However, as in the Lenry case, the contractor was granted an extension of time to complete the project due to the adverse weather conditions.
Accordingly, adverse weather conditions, the difficulty obtaining materials or the risk of litigation related thereto are not, in and of themselves, valid grounds for which a public entity may execute a change order or amend a contract increasing the original contract price which the contractor claims is necessary to perform and complete the contract.[3]
However, a change order or amendment to the contract may be proper to reimburse the contractor for direct costs incurred by the contractor, including material price increases, if there is a suspension, delay or disruption of the contract performance due to the owner's interference with the contractors planned work schedule and method. Such interference or disruption results not only in a delay of the work progress but also results in a loss of work efficiency for which the contractor is due delay or disruption damages. In order for a contractor to recover such costs the delay or disruption must be directly caused by the owner.
In Luria Bros. Co. v. United States[4] the court found that the owner's changing of specifications delayed the contractor's performance. The court ruled in favor of the contractor, thus allowing the contractor to receive delay damages. *Page 4 
It thus follows that the failure of the owner to provide a suitable or available work site would constitute a similar delay or disruption and provides the contractor grounds to claim delay damages or even provides grounds to terminate the contract. Such actions on the part of the owner would authorize the owner to negotiate a change order or amendment to the contract to reimburse the contractor the actual costs associated with the delay or disruption including actual cost increases of labor and materials directly related to the delay or disruption and which are deemed necessary to complete the project. If unit prices are contained in the original contract, no deviation from those prices are allowed in computed negotiated change order or amendment as per R.S. 38:2212A(7). Determining if the delay was caused by the owner and what specific damages are attributable to the delay is a question of fact that cannot be made by this office.
It is therefore the opinion of this office that adverse weather conditions do not, in and of itself, provide cause for the issuance of a change order or amendment to a public works contract such as to increase the contract price. However, a public entity that is responsible for a disruption of a construction site or delay in a construction project may issue a change order or amend the contract to reimburse the contractor the actual costs of performance attributable to the suspension, delay or disruption of the contract, including the actual cost increases of materials and supplies which are related to the suspension, delay or disruption and which are deemed necessary to complete the project. Such a change order must be negotiated in accordance with R.S. 38:2212A(7).
We trust that this answers your inquiry.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 Public Finance Contracts Section
 JDC/RLM/dam
[1] Lenry Inc. and Williams P. Bergan, Inc. v. The United States, 156 Ct. CI. 46, 297 F. 2d 550
[2] Ronald Adams Contractor. Inc. v. City of New Orleans, 1999-1064, (La.App. 4 Cir. 5/17/00), 764 So. 2d 1149.
[3] R.S. Noonan, Inc. etc v. Morrison-Knudsen Company. Inc., et al.,522 F. Supp. 1186
[4] Luria Bros, Co. v. United States, 369 F. 2d 701 (Ct. CI. 1966).